**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Case No. 1:24-cr-291 |
| ) | |
| TATUM ) | |
| ) | |

**RESPONSE TO COURT'S ORDER ECF NO. 17.**

On July 23, 2024, the Court ordered that "Mr. Gross shall, by not later than July 30, 2024, provide the Court with a description of his criminal defense experience and his position on whether he would be capable of representing Mr. Tatum as sole counsel during the proceedings, including trial." I, Jonathan Gross, hereby respond as follows, and for the reasons set forth below, affirm that I am capable of representing Mr. Tatum as sole counsel during the proceedings, including trial.

As the Court noted in its Order, ECF No. 17, on March 21, 2023, I truthfully represented to the Court that I had never practiced criminal law. Since then, I have gained a great deal of experience in criminal law, and in January 6 defense in particular.

After a 15-year career as a congregational rabbi, I entered the University of Baltimore School of Law in August of 2016, and graduated *summa cum laude* in May of 2019. I have since become licensed to practice in Maryland, New Jersey, New York, and Texas, as well as several federal courts. After graduating, I clerked for a trial court judge in Baltimore County, where I sat through several criminal trials. I left the clerkship and then worked for a firm that practiced general civil litigation for just over a year, and then I worked for another year at a firm that specializes in civil rights litigation. In May of 2022, I left to practice on my own.

I initially joined the defense team of Christopher Quaglin on September 22, 2022. Mr. Quaglin's lead attorney at the time was an experienced criminal attorney. I joined the team to assist with, among other things, Mr. Quaglin's conditions of confinement. When Mr. Quaglin's other attorney withdrew, I immediately informed the Court that I was not comfortable representing Mr. Qualgin and that I had already begun searching for and engaging experienced counsel to fill the lead attorney seat. Mr. Quaglin was, even by January 6 standards, a complicated multi-defendant and multi-felony case, and I had never at that time tried a criminal case on my own. I did not feel that his case should be my first trial as sole counsel. I found experienced counsel to serve as lead counsel, and I remained as second chair during Mr. Quaglin's trial.

At around that time, I also entered appearances in two other January 6 cases: *United States v. Nichols,* 1:21-cr-117, and *United States v. Barnett,* 1:21-cr-38. Mr. Nichols had two other attorneys with criminal experience leading his defense team, and Mr. Barnett had three. Mr. Nichols did not end up going to trial. At Mr. Barnett's trial in January of 2023, I served as third chair because one of his three experienced criminal attorneys had a family emergency on the eve of trial. Before and during Mr. Barnett's trial, I had a chance to observe the trial, assist in preparing examinations for witnesses, prepare voir dire and jury instructions, and argue motions before the judge.

After the trial, through word of mouth, I was asked by other January 6 defendants to represent them. I was asked to represent clients in two felony cases, *United States v. Brown,* 1:22-cr-170 and *United States v. Sahady,* 1:21-cr-134. Because they were felony cases, I agreed to represent them, but only as second chair. First chair in both of those cases is an experienced

attorney with over 30 years of experience. I later also agreed to appear in *United States v. Massaquio,* 1:23-cr-421 as second chair to another experienced attorney.

I am currently representing Cindy Young, in *United States v. Young,* 1:23-cr-241, a January 6 misdemeanor case. Trial begins on August 5, 2024. Attached as **Exhibit A** is a letter from Ms. Young attesting to my competence in representing her and her confidence in me as we head to trial.

I also agreed to represent James Brett in *United States v. Brett,* 1;22-cr-11. Mr. Brett is charged with the misdemeanors and one felony, 18 U.S.C. 231(a)(3). As I had experience with that felony in Mr. Barnett's case and Mr. Brown's case, I agreed to represent Mr. Brett as sole counsel. Trial is set for November of 2024.

In sum, I have represented several January 6 defendants, two of them through trial, and I will have one misdemeanor trial as sole counsel behind me in two weeks. Further, the Government dropped the felony against Mr. Sahady, so I will be lead counsel at his trial on August 14. By the time Mr. Tatum's trial arrives, I will have tried at least two more cases, Mr. Massaquoi's, another misdemeanor case, and Mr. Brett's a case like Mr. Tatum where the defendant is charged with the misdemeanors and 18 U.S.C. 231(a)(3).

I have always truthfully represented my experience to my clients before taking any January 6 cases, including to Mr. Tatum. I have responsibly and gradually taken on January 6 criminal cases over the last two years and believe that because of my experience in this very specific newly created area of criminal law, I am capable to represent Mr. Tatum in this case through trial.

Dated: July 29, 2024                                     Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2024 the foregoing was served on all parties by CM/ECF.

/s/ Jonathan Gross