# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| **v.** | ) Case No. 1:24-cv-291 |
| | ) |
| **TATUM** | ) |
| | ) |
| | ) |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Tommy Tatum, by and through counsel, hereby requests that the Court modify his conditions of release to allow him to travel to Baltimore and to Washington, D.C. on January 6 and 20, 2025.

Mr. Tatum needs to travel to Baltimore to prepare for trial with his attorney and would like to schedule two meetings to travel around January 6 and 20, 2025 so that he can at the same time attend two events as a journalist.

On January 6, 2025, there will be an "Official J6 Pardon Press Conference" held at the Hyatt Regency Capitol Hill Grand Ballroom. https://www.j6pardonpanel.com/. January 20, 2025, is the inauguration of President Donald Trump. These are both newsworthy events that are within the scope of what Mr. Tatum regularly covers, and he would like to attend both events as a journalist to cover them.

Mr. Tatum was only recently arrested for his activities on January 6, 2021. For more than 3 years he was under no conditions and was able to travel as he pleased and there were no incidents. This included over a year when he lived in Washington D.C. During that time, he attended congressional hearings and January 6 trials. He attended the nightly prayer vigil outside of the D.C. Jail where January 6 defendants are being held. He clearly poses no danger to the community.

1

The Government was fully aware of these visits, including to rally outside the Jail, and had no objections.

The Government opposes Mr. Tatum's request to visit D.C. but does not have a legitimate non-punitive reason for doing so. The government may not subject a pretrial detainee to restrictions that amount to punishment or otherwise violate the Constitution. *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979); *United States v. Trabelsi*, Case No. 06-cr-89 (RWR), at *5 (D.D.C. June 17, 2014).

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal -- if it is arbitrary or purposeless -- a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees[.]

*Bell,* 441 U.S. at 539 (footnote omitted).

Here, the Government is punishing Mr. Tatum by preventing him from attending a press conference as a journalist and from expressing his support for President Trump by attending his inauguration, clearly in violation of Mr. Tatum's First Amendment rights.

There is no legitimate government objective to prevent Mr. Tatum from visiting D.C. Jason Charter was a violent protestor who destroyed a historic statute during the riots in D.C. in June of 2020, and who also assaulted multiple individuals, including police officers, and including while he was awaiting trial. The Government had no objections to Charter being allowed to live and roam freely in D.C. *See United States v. Charter,* Case No. 1:20-cr-135 (D.D.C. 2020).

Mr. Tatum is hereby requesting that he be allowed to schedule two trips to visit his attorney, one for January 5 through January 8, so that he can also attend the press conference in D.C. on January 6, and one for January 20 so that he can also attend the inauguration.

.

3

Dated: December 31, 2024,                                   Respectfully submitted

<u>/s/ Jonathan Gross</u>
Jonathan Gross
Bar ID MD0162
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com
Counsel for Tommy Tatum

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

December 31, 2024.

/s/ Jonathan Gross