UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>THOMAS EUGENE TATUM,<br>Defendant. | Crim. Action No. 24-291 (JDB) |

**ORDER**

Before the Court is defendant Thomas Eugene Tatum's motion to modify his conditions of pretrial release, which the government opposes. Tatum was charged in a superseding indictment with two felonies and five misdemeanors related to his alleged participation in the events at the U.S. Capitol on January 6, 2021. Authorities arrested Tatum in June 2024, and the Court released him on personal recognizance pending trial subject to several conditions. One condition prohibits Tatum from entering the District of Columbia except to attend court appearances, conduct pretrial services business, or meet with his attorney. Tatum now moves the Court to modify this condition to permit him to travel to the District on January 6 and January 20, 2025, to attend events unrelated to his court case. For the following reasons, the Court will deny the motion.

**Background**

Tatum traveled to Washington, D.C., to attend then-President Donald Trump's rally near the Ellipse on January 6, 2021. Statement of Facts [ECF No. 1-1] at 4. Tatum then made his way to the United States Capitol. See id. Based on videos from Tatum's iPhone and Metropolitan Police Department officers' body worn camera footage from January 6, Tatum, among other conduct, allegedly berated police officers and encouraged other rioters to "take their helmets," "take their heads," and "get their batons, use their weapons against them." See id. at 4–7. Videos

1

also allegedly depict Tatum using a flagpole and participating in the mob that made a coordinated attempt to breach the police line in the Lower West Terrace tunnel. See id. at 8–18.

Tatum was arrested on June 26, 2024, in Oxford, Mississippi. See Arrest Warrant [ECF No. 9] at 1. Tatum made his initial appearance in this District in a videoconference hearing on July 9, 2024, where the magistrate judge set conditions of release, including prohibiting Tatum from entering the District of Columbia except for court matters, pretrial services business, and meetings with his attorney. See Order Setting Conditions of Release [ECF No. 11] at 3 (section 7(t)). This Court has not changed Tatum's conditions of release. On November 14, 2024, Tatum pleaded not guilty to a seven-count superseding indictment charging him with multiple felonies and misdemeanors, including one count of civil disorder, four counts involving the use of a deadly or dangerous weapon, and two counts involving physical violence. See Minute Entry of Nov. 14, 2024, United States v. Tatum, Crim. A. No. 24-291 (JDB); Superseding Indictment [ECF No. 25].

On December 31, 2024, Tatum filed the instant motion to modify his conditions of release to allow him to enter the District of Columbia to attend a January 6 pardon press conference on January 6, 2025, and President-Elect Trump's inauguration on January 20, 2025. See Mot. Modify Conditions Release [ECF No. 28] ("Mot.") at 1. The government opposed the motion. See Gov't's Opp'n to Mot. [ECF No. 29] ("Opp'n"). The motion is now ripe for decision.

## Legal Standard

Criminal defendants who are released pending trial are always subject to at least two conditions: they must cooperate in the collection of DNA and may not commit a crime during the period of release. See 18 U.S.C. § 3142(b). If a court determines that release under only those two conditions "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," however, the court "shall order the

pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions" that the court determines "will reasonably assure" the defendant's presence as required and the safety of the community. Id. § 3142(c)(1)(B). Section 3142(c)(1)(B) enumerates some of the additional conditions that the court may impose, including requiring the defendant to "satisfy any other condition that is reasonably necessary to . . . assure the safety of any other person and the community." Id. § 3142(c)(1)(B)(xiv).

In determining the proper conditions of release, the court "shall . . . take into account the available information concerning": (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community." Id. § 3142(g). A court may amend conditions of release "at any time." Id. § 3142(c)(3).

## Analysis

Tatum requests that the Court modify his conditions of release to permit him to enter the District of Columbia to attend two events unrelated to this court case. The Court will thus assess the § 3142(g) factors as to this restriction. See, e.g., Order, United States v. Ball, Crim. A. No. 23-153 (JDB) [ECF No. 18] at 3 (taking same approach).

The first, second, and fourth factors strongly counsel maintaining the restriction on Tatum's travel to the District of Columbia. Tatum previously admitted to participating in the events at the Capitol on January 6 and taking video footage of the events on January 6, and the government avers that there is video evidence demonstrating some horrific aspects of his conduct. Statement of Facts at 4–19. Moreover, Tatum's alleged conduct was particularly violent. Body worn camera footage allegedly depicts Tatum using a flagpole on the frontlines with police and participating in the mob effort to overrun police in the Lower West Terrace tunnel. See id. at 8–

3

18. Additionally, Tatum allegedly urged other rioters to take police officers' "helmets," "heads," and "batons," and to "use their weapons against them." See id. at 7. The extent of Tatum's violent and dangerous conduct is significant, as reflected by the charges that he faces, which include <u>assaulting, resisting, or impeding certain officers using a dangerous weapon</u> (18 U.S.C. § 111(a)(1) and (b)); civil disorder (18 U.S.C. § 231(a)(3)); <u>act of physical violence</u> in the Capitol grounds or building (40 U.S.C. § 5104(e)(2)(F)); and entering and remaining in a restricted building or grounds, disorderly and disruptive conduct in a restricted building or grounds, and <u>engaging in physical violence</u> in a restricted building or grounds—all three with a <u>deadly or dangerous weapon</u> (18 U.S.C. §§ 1752(a)(1) and (b)(1)(A), 1752(a)(2) and (b)(1)(A), and 1752(a)(4) and (b)(1)(A)). See Superseding Indictment at 1–4.

Tatum makes several arguments as to why, despite his allegedly violent conduct on January 6, 2021, he poses no threat to the District of Columbia. First, Tatum notes that he traveled to the District between his alleged conduct and his arrest in 2024 with "no incidents." Mot. at 1. But the government submits that in May 2023, Tatum "engaged in a physical altercation with a female counter-protestor" in the District and was arrested for, but not ultimately charged with, misdemeanor simple assault and misdemeanor destruction of property. See Opp'n at 5 & n.1. Tatum also argues that he seeks to enter the District in his capacity as a journalist. Mot. at 1. But as the government points out, Tatum indicated under oath that he had attended the events of January 6, 2021, in his capacity as a journalist—and nonetheless allegedly engaged in the violent conduct underlying this prosecution. See Opp'n at 5; Trial Tr., United States v. Mock, 21-cr-444 (JEB) [ECF No. 103] at 74–75).

Even the third factor does not favor modifying Tatum's conditions of release. Tatum's recent criminal history reveals up to four additional pending cases, all based on alleged conduct

4

from the last four years. At the time of his arrest in this case, Tatum had three pending cases in Mississippi involving charges of trespassing, disorderly conduct, disturbing the peace, cyberstalking, and being a fugitive from justice. See Pretrial Servs. Rep. [ECF No. 10] at 4. And while subject to pretrial release in this case, Tatum was arrested for operating a vehicle under the influence of marijuana. See Pretrial Violation Rep. [ECF No. 24] at 2; Letter from Brandon McTeer, U.S. Probation Off., to Da'Shanta' Lewis, Pretrial Servs. Off. [ECF No. 24-1] at 1.

The four factors taken together thus strongly favor maintaining the condition of release limiting Tatum's unauthorized travel to the District of Columbia. Most significantly, Tatum faces a breadth and depth of charges stemming from his conduct in the District on January 6, 2021, nearly all of which involve physical violence or the use of a dangerous or deadly weapon, and the government avers that it has video evidence of this conduct. Hence, the Court concludes that the prohibition on unauthorized travel to the District of Columbia remains a necessary condition of release to ensure community safety.

Tatum makes one final (and conclusory) argument for modifying this condition that is not persuasive. Tatum argues that this condition is "arbitrary or purposeless," Mot. at 2 (quoting Bell v. Wolfish, 441 U.S. 520, 539 (1979)), and thus violates his First Amendment rights. In other words, the government has no "legitimate non-punitive reason" to oppose his requested modification and is merely "punishing Mr. Tatum." See id. But as demonstrated in the preceding analysis, the condition has a legitimate purpose—community safety in the District.

Finally, to the extent Tatum seeks permission to travel to Baltimore, Maryland, to meet with his attorney, see id. at 1, such conduct is already permitted by his conditions of release, provided that he comply with the notification requirements of section 7(t). See Order Setting Conditions of Release at 3. The Court expresses no view on whether Tatum has other pending

proceedings that impose additional restrictions on or notification requirements for travel outside of his district or state.

*   *   *   *   *

For the foregoing reasons, and upon consideration of [28] the defendant's motion to modify his conditions of release, [29] the government's opposition, and the entire record herein, it is hereby

**ORDERED** that [28] the motion is **DENIED.**

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: January 4, 2025